# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA CLARKE,

    Plaintiff,

vs.                        No.:

AETNA LIFE INSURANCE COMPANY,

    Defendant.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Donna Clarke, by and through her undersigned counsel, Max Petrunya, Esquire and the law firm of Robert Peirce & Associates, P.C., and files the within Complaint to recover benefits due under a policy of disability insurance issued by Defendant Aetna Life Insurance Company ("Aetna").

## JURISDICTION and VENUE

1. This action is brought pursuant to 28 U.S.C. § 1332. This Court has jurisdiction based upon diversity of the parties and the amount in controversy. Additionally, this is an action brought pursuant to Section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a)(e)(1) and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this district, became disabled in this district, was issued the subject

insurance policy in this district, and the Defendant is subject to personal jurisdiction in this district.

## **PARTIES**

3. Plaintiff Donna Clarke is an adult individual residing at 79 Hanover Street, Middletown, Dauphin County, Pennsylvania 17057.

4. Accordingly, Ms. Clarke is a citizen of Pennsylvania.

5. Defendant Aetna Life Insurance Company ("Aetna") is a corporation with its principal place of business at 151 Farmington Avenue, Hartford, Connecticut 06156.

## **FACTS**

6. Plaintiff Donna Clarke was employed by Milton Hershey School and was subject to a group policy for long-term disability benefits.

7. Ms. Clarke was employed by Milton Hershey School until December 13, 2016 when she became disabled as a result of anxiety, major depression, agoraphobia, post-traumatic stress disorder (PTSD), and panic attacks.

8. The policy number at issue in this matter is 15401943.

9. The definition of disabled under Ms. Clarke's policy indicates that a claimant is disabled when he or she is not able to perform the material duties of their own occupation solely because of an illness, injury, or disabling pregnancy-related condition.

10. On June 12, 2017, Defendant Aetna denied benefits under the policy on the basis that Ms. DeWitt did not meet the definition of disabled as contained in the policy.

11. Plaintiff is, however, totally disabled as defined by the policy and continues to receive treatment in the form of intense outpatient therapy for her disabilities.

12. Plaintiff filed timely appeals for benefits. Her appeals were denied and Plaintiff has exhausted all of her administrative remedies associated with these appeals as of August 9, 2017.

## COUNT I

## ERISA CLAIM FOR BENEFITS UNDER THE PLAN – 29 U.S.C. 1132(a)(1)(b)

13. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth at length herein, and further alleges as follows.

14. The plan provides that Plaintiff is entitled to replacement disability income ("disability benefits") based upon her becoming and remaining disabled within the meeting of the plan.

15. Plaintiff has established her disability within the meaning of the plan and is entitled to disability benefits because she is unable to perform her occupation and is also unable to perform the material and substantial duties of any gainful occupation for which she is reasonably fitted by training, education, or experience.

16. On or about June 12, 2017, Defendant denied disability benefits. Plaintiff is entitled to payment of the disability benefits under the plan, because her medical conditions prevented her and continue to prevent her from performing the material and substantial duties of her regular occupation and continue to prevent her from performing the material and substantial duties of any gainful occupation for which she is reasonably fitted by training, education, or experience.

17. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA, and adversely affects the Plaintiff's eligibility for long-term disability benefits.

WHEREFORE, Plaintiff Donna Clarke demands judgment in her favor and against Defendant in an amount in excess of the jurisdictional limits, plus costs of suit, plus pre and post-judgment interest, plus attorney's fees and costs.

    Respectfully submitted,

By: /s/ Scott M. Simon

    SCOTT M. SIMON, ESQUIRE
    Pa. I.D. No.: 309122

    ROBERT PEIRCE & ASSOCIATES, P.C.
    Firm I.D. No.: 839
    2500 Gulf Tower
    707 Grant Street
    Pittsburgh, PA 15219
    (412) 281-7229
    mpetrunya@peircelaw.com
    Counsel for Plaintiff